Matters of **THIRD AVENUE TRANSIT CORPORATION** et al., Debtors.

**A. Philip WOOLFSON, Appellant,**

v.

**Lester T. DOYLE, As Trustee in Reorganization, et al., Appellees.**

**No. 181, Docket 24362.**

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1956.

Decided Nov. 30, 1956.

---

A. Philip Woolfson, New York City, pro se.

Saxe, Bacon & O'Shea, New York City (William J. O'Shea, John A. Kiser and Martin Fogelman, New York City, of counsel), for Lester T. Doyle, trustee in reorganization.

Thomas G. Meeker, Gen. Counsel, David Ferber, Asst. Gen. Counsel, Washington, D. C. (Richard V. Bandler, Attorney, New York City, of counsel), for Securities and Exchange Commission.

Kelley, Drye, Newhall & Maginnes, New York City (Frank H. Heiss, New York City, of counsel), for Hanover Bank, indenture trustee under first refunding mortgage.

Wagner, Quillinan & Tennant, New York City (Sidney R. Nussenfeld, New York City, of counsel), for Colonial Trust Co. as successor trustee under the adjustment mortgage.

Peter Campbell Brown, Corp. Counsel, New York City (Sidney Brandes, New York City, of counsel), for City of New York.

Shearman & Sterling & Wright, New York City (Grayson M-P Murphy and Thomas R. Nangle, New York City, of counsel), for Fifth Avenue Coach Lines, Inc.

Murphy, Block, Sullivan & Sawyer, New York City (John Dwight Sullivan, New York City, of counsel), for O'Connell Committee for First Refunding Bondholders.

Harold P. Seligson and Morton E. Yohalem, New York City (Morton E. Yohalem, New York City, of counsel), for Amott Committee for First Refunding Bondholders.

Charles Poletti, Hoffman, Buchwald, Nadel & Hoffman and Buchman & Buchman, New York City (Charles D. Hoffman, New York City, of counsel), for Imperial Bank of Canada et al., Adjustment Income Bondholders.

Kresel & Meyerson, New York City (Harold I. Meyerson, New York City, of counsel), for Tinker Committee for Adjustment Bondholders.

Bergerman & Hourwich, New York City (Joseph Calderon, New York City, of counsel), for Smith Committee for Adjustment Bondholders.

Hays, St. John, Abramson & Heilbron, New York City (Edward M. Garlock and Osmond K. Fraenkel, New York City, of counsel), for petitioning creditors.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

A corporate reorganization of Third Avenue Transit Corporation was commenced by the filing of an involuntary petition in the District Court for the Southern District of New York on October 25, 1948. Various plans of reorganization were formulated and amended or modified. After numerous and prolonged hearings and consideration by the Securities and Exchange Commission and the Public Service Commission of the State of New York, a Joint Plan of Reorganization was finally evolved. This Plan was duly approved by the District Court; but, before the confirmation of the Plan, appellant, an alleged holder of common stock and at least one of the Adjustment Income Mortgage Bonds of the debtor, appeared on the scene and made a series of motions to block the consummation of the Plan.

The matter came before us on the motion calendar on November 8, 1956, when appellees moved to dismiss the appeals, hereinafter described, as frivolous. As appellant's points were numerous, we proceeded, with the consent of all parties, to hear the appeals on the merits forthwith, on oral argument and on the briefs then and later submitted.

There are three appeals:

(1) From an order of September 11, 1956, denying appellant's motion to vacate an order of August 5, 1955, adjudging the debtor to be insolvent and to reopen the question of solvency for further consideration;

(2) From an order of July 26, 1956, approving the Joint Plan of Reorganization;

(3) From an order of October 8, 1956, confirming the Joint Plan of Reorganization.

Despite the unsubstantial and technical character of the miscellany of points urged upon us as ground for reversal, we have given each of them careful consideration. There is not a shred of merit in any of them.

## I.

 The insolvency of the debtor is abundantly established as of the date of the order of adjudication and long prior thereto. But appellant insists that the failure of the Court to require notice to the stockholders that this order had been entered "deprived them of the right to appeal," and that "since the requirements of due process were not complied with by the Appellees, the order of the District Court of August 5, 1955 with respect to debtor's insolvency should be set aside." We fail to understand how anyone was in any sense "deprived" of the right to appeal, unless appellant is contending that the stockholders had received no notice that such an order might be entered. But the stockholders had been apprised of this likelihood in several ways. As recently as June 28, 1955, which was shortly before entry of the order complained of, notices had been mailed reminding them that under the trustee's plan "No provision is made for the stockholders of debtor Third Avenue since the assets of that debtor are insufficient to pay its creditors in full." The notice announced the time and place of the resumption of the hearings and stated, "Any creditor or stockholder has the right to appear in person or by duly authorized representative at the hearing and make objections or propose amendments to the Trustee's Amended Plan of Reorganization, or propose another plan or plans of reorganization." This disposes of appellant's appeal No. 1.

## II.

Appellant contends that the District Court lacked power to enter its order approving the plan because of failure to comply with the requirement of Section 171 of the Bankruptcy Act, 11 U.S.C.A. § 571, that "Notice of the time of any hearing, as provided in section 169 * * * shall be given to * * * the creditors and stockholders * * *" Section 169, 11 U.S.C.A. § 569, provides·

"Where a trustee has been appointed the judge shall fix a time within which the trustee shall prepare and file a plan, or a report of his reasons why a plan cannot be effected, and shall fix a subsequent time for a hearing on such plan or report and for the consideration of any objections which may be made or of such amendments or plans as may be proposed by the debtor or by any creditor or stockholder."

 It is not disputed that there was notice of the commencement of hearings following submission of the original plan by the trustee, as well as additional notices preceding approval of the plan. Appellant's position seems to be that further notice is required by the Act. We find no such requirement. On the contrary, if separate notice were required as a condition precedent to the consideration of every amendment or modification or to resumption of the hearings following a recess, it is plain that any party so minded could delay the proceeding indefinitely and cause needless and prohibitive expense.

 The statute contemplates a continuous process which may culminate in the approval of a fair and equitable and feasible plan, initiated by the filing of the trustee's plan with widespread notice of the commencement of hearings. Creditors and stockholders and other interested persons have the right to be heard and to object or to propose amendments or modifications and even to file completely new plans. The notices of plan hearings uniformly state, as did the notice in this case, that the hearings may be adjourned from time to time without further notice other than the announcement of such adjournment in open court.

Appellant also contends that before approving the Plan the Court should have ordered notice by publication as well as notice by mail. He points to no authority to support this contention. Section 207 of the Act, 11 U.S.C.A. § 607, provides that, "Except where otherwise provided in this chapter, the judge may from time to time enter orders designating * * * the form and manner in which notice may be given," and Section 120, 11 U.S.C.A. § 520, provides that, "Whenever notice is to be given under this chapter, the court shall designate, if not otherwise specified hereunder, * * * the form and manner in which the notice shall be given."

■ The objections urged by appellant do not establish failure to comply with Section 171.

■ Appellant also challenges the District Court's approval of the plan on the ground that the Court need not have submitted the plan to the New York State Public Service Commission under Section 178, 11 U.S.C.A. § 578, since that body lacks jurisdiction to establish rates for the debtor corporation. Even if this were true, we fail to see how appellant could have been injured by such submission.

### III.

■■ In his third appeal, appellant urges that the order confirming the plan is invalid because of failure to comply with Section 179, 11 U.S.C.A. § 579, which requires acceptance "by or on behalf of creditors holding two-thirds in amount of the claims filed and allowed in each class." The undisputed facts are that some 84 per cent in amount of the holders of the adjustment mortgage income bonds who filed claims accepted the plan, but that these assenting bondholders represented less than two-thirds of the total issue. The question is simply whether acceptance by the holders of two-thirds of the entire issue is required or only by the holders of two-thirds of the amount claimed and allowed. The statute is explicit on the point, and we find little to recommend appellant's argument that it would be "ridiculous" to construe the statute as meaning what it says since acceptance by the holders of only a tiny fraction of the issue would be sufficient where only a few claims are filed. We think it not unreasonable to provide that if only a few creditors are available and interested enough to vote, they should determine acceptance or rejection of the Plan by their class. In any event, we are not at liberty to vary the requirement of the Act. And if Section 179 were thought to leave any doubt as to what that requirement is, such doubt would be dispelled by Section 198, 11 U.S.C.A. § 598, which provides:

"An indenture trustee may file claims for all holders, known or unknown, of securities issued pursuant to the instrument under which he is trustee, who have not filed claims: Provided, however, That in computing the majority necessary for the acceptance of the plan only the claims filed by the holders thereof, and allowed, shall be included."

This section also disposes of appellant's contention that for purposes of determining the class, the acceptance of two-thirds of which was necessary, "it was clearly erroneous for the District Court Judge to require the Adjustment Bondholders individually to file proofs of claim."

Appellant's remaining points are frivolous on their face, and we shall not discuss them.

The orders appealed from are affirmed.