**A. Philip WOOLFSON, Plaintiff,**

v.

**Lester T. DOYLE and Saxe, Bacon & O'Shea, Defendants.**

United States District Court
S. D. New York.
Jan. 19, 1960.

A. Philip Woolfson, New York City, pro se.

Saxe, Bacon & O'Shea, New York City, for Lester T. Doyle and pro se.

DIMOCK, District Judge.

This is a motion by defendants for summary judgment dismissing the complaint. The action is one brought against the trustee in reorganization of the Third Avenue Transit Corporation and his counsel. Plaintiff alleges that counsel for the trustee caused a judgment for costs in the sum of $3,767.04 to be entered against plaintiff contrary to a mandate of the Court of Appeals and thereafter caused execution to be issued and a levy made upon plaintiff's brokerage account.

Plaintiff has countered with a motion for leave to add a further claim based upon the actual collection of the judgment with interest and costs of the marshal pursuant to the execution. . .

The judgment for costs arose upon plaintiff's appeal to the Court of Appeals from orders denying six motions assailing the regularity of the proceeding entitled "In the Matters of Third Avenue Transit Corporation, et al.," Bankruptcy Numbers 85,851, 86,410, 86,413, 86,412 and 86,537. The Court of Appeals affirmed the order, In re Third Avenue Transit Corporation, 2 Cir., 238 F.2d 665, 668, saying "there is not a shred of merit in any" of the "miscellany of points" that plaintiff raised. The Supreme Court denied certiorari, Woolfson v. Doyle, 352 U.S. 1031, 77 S.Ct. 595, 1 L.Ed.2d 599, and denied plaintiff's petition for rehearing, 353 U.S. 931, 77 S.Ct. 718, 1 L.Ed.2d 725.

The judgment of the Court of Appeals was entered on November 30, 1956 and was received and filed in the District Court on December 11, 1956. The District Court by order entered December 21, 1956, made the judgment of the Court of Appeals the judgment of the District Court and judgment for $3,767.04 costs was entered in the District Court on December 26, 1956.

Plaintiff in his opposing affidavit meets defendants' claim that the proceedings were in all respects regular by the following allegations:

"1. That no bill of costs was ever served on plaintiff by defendants.

"2. That no notice of taxation of costs was ever received by plaintiff.

"3. That plaintiff had no notice or knowledge of the rendition or entry of judgment for costs on appeal in the Court of Appeals.

"4. That plaintiff had no notice of the rendition or entry of judgment for costs on appeal in the District Court for the Southern District of New York.

"5. That the order on judgment of the District Court dated December 25, 1956 pursuant to motion of defendants made no provision for interest.

"6. That the levy made by the United States Marshal of the Southern District of New York did not conform to the judgment filed in the District Court.

"7. That no execution or notice of levy was served on plaintiff.

"8. That the execution delivered to the United States Marshal did not conform to statutory requirements; that there is no statutory authority for a U. S. Marshal to seize property for non-payment of interest; that there is no statutory authority for defendants to authorize a levy for interest."

██ ██ In paragraphs 1 and 2 quoted above plaintiff alleges that no bill of costs was ever served on him and that no notice of taxation of costs was received by him. Service of the bill of costs was not necessary and notice of taxation was not necessary. The practice in the Court of Appeals is for the Clerk to request the successful party to whom costs have been awarded to submit his printing bills and, upon such submission, the Clerk fixes the amount of costs ex parte. The unsuccessful party may review the Clerk's taxation by motion if he desires.

The allegation in paragraph 3 that plaintiff had no notice or knowledge of the rendition or entry of judgment for costs on appeal in the Court of Appeals has no foundation. The judgment of the Court of Appeals concluded with the words "it is now hereby ordered, adjudged and decreed that the orders of said District Court be, and they hereby are affirmed; with costs to the appellees." The Clerk of the United States District Court for the Southern District of New York on December 11, 1956, sent plaintiff by mail notice of the entry of a copy of that judgment in his office.

In paragraph 4 plaintiff alleges that he had no notice of the rendition or entry of judgment for costs on appeal in the District Court. The mandate of the Court of Appeals on the judgment of af-

firmance, as is customary, consisted of a copy of the opinion of the Court of Appeals with a copy of the judgment of the Court of Appeals and a bill of the taxed costs annexed. The bill of taxed costs fixed the amount taxed in favor of the appellee at $3,767.04. A proposed order on this mandate with notice of settlement in the District Court dated December 18, 1956, was served upon plaintiff by mail on December 18, 1956. This proposed order contained a provision that defendant Doyle, Trustee of Third Avenue Transit Corporation, recover from Woolfson the sum of $3,767.04 costs on appeal and that said Trustee have execution therefor. The record thus flatly contradicts plaintiff's claims in paragraph 4 that he had no notice of the rendition or entry of judgment for costs on appeal in the District Court. Plaintiff asserts in his unverified complaint, though not in his affidavit, that he did not receive notice of the entry of the judgment until July 16, 1959. He knew of his liability to pay costs, however, as early as April 11, 1957, when he verified a petition seeking an allowance of compensation for services in the reorganization proceeding in which he also prayed that he "be relieved of the payment of costs in these proceedings." Those applications were denied.

██ Plaintiff's allegation in paragraph numbered 5 to the effect that the order on judgment of the District Court pursuant to motion of defendants made no provision for interest is, of course, true. That matter is left to the operation of law. By allegation in paragraph 5 and his allegations in paragraphs 6 and 8, plaintiff raises the point that the proceedings were irregular in that defendants issued an execution which required the collection of interest. His point is that section 1961 of Title 28 U.S.Code, which directs that interest shall be allowed on any money judgment in a civil case does not apply to judgments in bankruptcy proceedings. The entire section is quoted in the margin.[1]

---

1. "Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any

Plaintiff assimilates the words "civil case" to the words "civil action" and says that a bankruptcy proceeding is not a civil action. That is doubtless true. A bankruptcy proceeding is, however, a civil case in the sense that the words are used in Title 28. Here as elsewhere in that title the expression is used in contradistinction to the expression "criminal case". For instance section 1254(1) provides for the writ of certiorari to the Supreme Court "upon the petition of any party to any civil or criminal case". See also section 1921. While it is true that plaintiff seems to be the first person who has ever raised the point that judgments in bankruptcy proceedings do not carry interest, others have litigated the question of rate of interest and in such a controversy our Court of Appeals has allowed interest. Chemical Bank & Trust Co. v. Prudence-Bonds Corp., 2 Cir., 213 F.2d 443.

■ Plaintiff in paragraph 7 alleges that no execution or notice of levy was served on him. Such service is not required.

■ The claims made by plaintiff in his complaint are thus frivolous and the motion to dismiss the complaint by summary judgment is therefore granted. Since the complaint is dismissed the motion to amend it becomes moot. In some other case it might be that the court ought to permit the amendment of a complaint on the ground that the amendment might raise a substantial issue while the complaint as unamended was insufficient. That is not the case here, however. The amendment would add nothing by way of facts except the fact of the actual collection of the judgment and execution. Since I hold that the claim that the judgment and execution were invalid is frivolous I would also hold that the claim that their collection was unlawful was frivolous. I am therefore committing no injustice by dismissing the complaint and dismissing the motion for amendment on the ground that there is no complaint to amend.

The claims just disposed of as frivolous are only the latest of a long series of frivolous claims made by this plaintiff. Plaintiff's first move in the Third Avenue Transit Corporation proceeding was when he, alleging himself to be a stockholder, made the six motions above referred to assailing the regularity of the proceeding in a variety of respects. These, as stated above, were denied by the District Court and resulted in orders which were affirmed by the Court of Appeals with the statement that "there is not a shred of merit in any" of the "miscellany of points" that he raised. He made application for certiorari to the Supreme Court and upon its denial petitioned for rehearing and suffered a denial of that petition as well.

In 1958 plaintiff moved to vacate three orders of this court. First he asked that the order confirming the reorganization be modified so as to permit him to institute an action for damages against the Reorganization Trustee or that the order of December 17, 1956, finding that the Plan of Reorganization had been substantially consummated, be vacated and that the proceedings be reopened on the ground that a preceding order finding that the stockholders had no interest was void and that fraud was perpetrated on the court by the Reorganization Trustee. He also asked that the order awarding final allowances to the parties be vacated on the ground that fraud was perpetrated on the court by the Securities and Exchange Commission. Plaintiff's charges were taken up and discussed seriatim by the court and dismissed. In re Third Avenue Transit Corporation, D.C.S.D.N.Y., 173 F.Supp. 702. Plaintiff appealed to the Court of Appeals and the appeal was dismissed as frivolous on motion of the Securities and Exchange Commission. Plaintiff then petitioned the United States Supreme Court for

case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such

interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

certiorari and this was denied. Woolfson v. Doyle, 360 U.S. 903, 79 S.Ct. 1285, 3 L.Ed.2d 1255. He applied for rehearing and this was also denied. 361 U.S. 855, 80 S.Ct. 44, 4 L.Ed.2d 94.

Plaintiff has received his full measure of judicial patience at the expense of other litigants. In my opinion, any further frivolous applications to the court by him would merit something more than mere denial.

Motion for summary judgment dismissing the complaint granted.

Motion for leave to amend complaint dismissed.

So ordered.