**In re ADVERTISING ASSOCIATES, INC., Debtor.**

**Steven FRIEDMAN, Trustee, Plaintiff,**

**v.**

**1000 BRICKELL, LTD., Defendant.**

**Bankruptcy No. 88–01160–BKC–TCB.
Adv. No. 88–0532–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 26, 1989.

Grissel C. Hernandez, Friedman & Lehman, P.A., Miami, Fla., for plaintiff trustee.

Richard Allen, Wallace, Engels, Pertnoy, Solowsky, Newman & Allen, P.A., Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks recovery under 11 U.S.C. § 547(b) of $17,500 as a preference to the debtor's landlord. The defendant has answered with an affirmative defense. The matter was tried December 15, 1988 and the parties have filed excellent briefs. (CP 11, 12).

I now conclude that the trustee is entitled to recovery.

■ The facts are undisputed. On February 8, 1988, the debtor, then a chapter 11 debtor-in-possession, gave the defendant landlord cashier's checks totalling $17,500. The landlord was then owed $50,419 for overdue rent.

This transfer occurred 49 days before the debtor filed for bankruptcy. It is presumed that the debtor was insolvent for 90 days before bankruptcy. § 547(f). Defendant has made no effort to negate that presumption.

The claims bar date for this case has expired and the timely claims total $256,-973. Liquidation by the chapter 7 trustee has been completed and the assets total $17,921. The payment at issue here, therefore, gave the landlord 35% of its antecedent debt, or about five times more than it could possibly receive through a chapter 7 distribution.

With the foregoing facts, the trustee has proved each of the five elements of a voidable preference. § 547(b).

■ Defendant's affirmative defense is that the payment of the $17,500 constituted "a contemporaneous exchange for new value" given to the debtor, which by virtue of § 547(c)(1) [1] cannot be avoided. (Defendant's brief, CP 11 at 3–4). The defense is based upon the following facts.

Three days before the scheduled final hearing in a pending eviction action, the landlord and the debtor entered into a Stipulation For Settlement And Order (Ex. 3).

In the Stipulation, the debtor acknowledged its $50,419 antecedent debt. With the Stipulation, it paid the $17,500 which is in question here, and agreed "to pay the remaining balance owed ($32,919)" in future installments, and agreed to pay its current and future rent on a timely basis. The parties also agreed to a reduction of the rented space with a commensurate future rent reduction.

The eviction hearing was subsequently cancelled, and the debtor remained in possession during the 49 days that elapsed before its bankruptcy. It made no further rent payments.

It is clear to me from the reference to "the remaining balance" in the Stipulation For Settlement that the $17,500 was *not* intended by either party to be "for new value given to the debtor", but was intended solely and explicitly to reduce the antecedent debt.

Obviously, the sum paid, which was the equivalent of over six months rent, was *not* paid for future rent, because the debtor promised to make future rent payments as they came due. The landlord accepted that promise in lieu of prepayment and reserved the right to evict the debtor if they were not paid in three days. ¶ 6.

The money was not paid to obtain a reduction of the future rent. The consideration for the stipulated reduction was the reduced space, which it equalled exactly, to the mutual advantage of both parties.

Because it is crystal clear in this case that the parties did *not* intend the transfer to be for the landlord's forbearance, we need not resolve the possible conflict between the dicta in *Charisma Inv. Co., N.V. v. Airport Systems, Inc. (In re Jet Florida System, Inc.)*, 841 F.2d 1082, 1084 (11th Cir.1988) (landlord's "forbearance might have constituted new value had Air Florida actually stayed and used the leased property"), and *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293, 298 (11th Cir.1988) ("forbearance from exercising pre-existing

**1.** The trustee may not avoid under this section a transfer (1) to the extent that such transfer was (A) *intended by the debtor and the creditor* to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange. (Emphasis added).

rights does not constitute new value under section 547(a)(2)").

■ There is a second reason this affirmative defense fails. As was pointed out and held last month in *Jet Florida Inc. v. American Airlines, Inc. (In re Jet Florida Systems, Inc.)*, 861 F.2d 1555, 1558 (11th Cir.1988):

> "the applicable statutory definition of 'new value' that Congress provided in section 547(a)(2) expressly requires that the creditor prove the specific valuation of the 'new value'."

Defendant has failed to prove the specific value (if any) of defendant's forbearance. Defendant's failure here, as was the case in *Jet Florida*, is fatal to its 'new value' affirmative defense.

Defendant has failed to prove its affirmative defense.

■ The complaint contains a demand for interest. It is well settled that interest upon a voidable preference recovered by a trustee is computed from the date of demand. *Palmer v. Radio Corporation of America*, 453 F.2d 1133, 1140 (5th Cir. 1971). There is no proof here of a demand before the date this action was filed. The amount of interest is fixed by 28 U.S.C. § 1961. *Woolfson v. Doyle*, 180 F.Supp. 86 (S.D.N.Y.1960).

As is required by B.R. 9021(a), a separate judgment will be entered for the trustee against defendant in the amount of $17,-500, with interest at 8.15% from November 14, 1988 to continue to payment. Costs may be taxed on motion.

DONE and ORDERED.